841 So.2d 1193 (2003)
Frances Fant YARBROUGH, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2002-CC-00510-COA.
Court of Appeals of Mississippi.
April 8, 2003.
James David Moore, for appellant.
B. Ray Therrell, II, for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
LEE, J., FOR THE COURT.

PROCEDURAL HISTORY AND FACTS
¶ 1. Frances Fant Yarbrough worked as a special education teacher with the Columbus *1194 Municipal School System for over twenty years, but she was fired in May 2001. A hearing was held in August 2001 before a referee, after which the referee determined Yarbrough was not entitled to unemployment benefits, since she was fired for misconduct. The board of review affirmed the referee's finding, as did the Lowndes County Circuit Court. Yarbrough now appeals to this Court and raises the following issues: (1) Were the findings of the Employment Security Commission supported by substantial evidence? (2) Did the referee misapply the law in finding the appellant's unsatisfactory job performance acted to disqualify her from receiving unemployment compensation? and (3) Did the circuit court err in declining to reverse the commission? Having reviewed these issues, we find no error; thus, we affirm.

DISCUSSION
¶ 2. Appellant Yarbrough's three stated issues all concern whether or not the referee's decision was based on substantial evidence; thus, we combine the issues into one discussion. We initially look to our standard of review:
This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
Lewis v. Mississippi Employment Sec. Comm'n, 767 So.2d 1029(¶ 9) (Miss.Ct.App. 2000).
¶ 3. The referee found, and the board of review and Lowndes County Circuit Court affirmed, that Yarbrough was discharged due to misconduct connected with her work. The referee's opinion cites to Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), for a definition of the term "misconduct."
[T]he meaning of the term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
¶ 4. The referee's findings of fact refer to numerous instances of Yarbrough's misconduct including her failure to follow approved procedures, inappropriate disciplinary techniques including corporal punishment of a special education student, failure to provide proper supervision of students, leaving her class unsupervised, and removing educational plans from the school in violation of school policy and federal regulations prohibiting such action, among other things. Beginning in *1195 1998, Yarbrough participated in three plans for improvement in attempts to assist her in overcoming deficiencies in her job performance. These plans included counseling, attendance at workshops concerning behavioral management techniques, and assistance in designing an assertive discipline plan. Nevertheless, in April 2001 Yarbrough was suspended after the school principal personally saw Yarbrough at her car with certain forms which, by law, were not to be removed from the school. In May 2001, her employer recommended termination of employment, and after a July 2001 hearing the school board unanimously voted to uphold her termination.
¶ 5. Yarbrough rebuts some of the allegations and excuses her behavior as "good faith errors" or describes that her actions were taken in response to difficult situations in the classroom. She further argues that her termination was the result of unsatisfactory job performance and not willful or wanton misconduct, the latter of which would disqualify her from receiving unemployment compensation. The referee's opinion states:

The facts in this case show that the claimant was discharged for unsatisfactory job performance. Claimant had been given several opportunities for improvement on procedures and policies that she was already aware of. Claimant's failure to adhere to the proper procedures and policies resulted in her discharge. Claimant's actions would rise to the level of misconduct as that term is defined by law ....
(emphasis added). Yarbrough's argument fails to recognize the final emphasized sentence which shows the referee's conclusion that Yarbrough's acts all evidenced her intentional disregard of her duties and rose to the level of misconduct.
¶ 6. In our review of the facts of Yarbrough's employment, we note that, although she might have made "good faith errors" on occasion as she claimed, she, nonetheless, showed a continuing disregard for the policies and procedures of her employer. As previously noted in our standard of review, a rebuttable presumption exists in favor of the administrative agency, and Yarbrough, as the challenging party, has the burden of proving otherwise. We are not permitted to reweigh the facts of the case or insert our judgment for that of the agency and having found substantial evidence to support the decision and having found no arbitrary or capricious action to exist on the part of the MESC, we affirm the circuit court.
¶ 7. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
KING, P.J., CONCURS IN RESULT ONLY.