LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. In October 2000, Jacqueline Maxwell worked as a correctional case manager/counselor for the Mississippi Department of Corrections (MDOC). Maxwell was assigned to 200 inmates, including Eric Jones. As part of her duties as a case manager and counselor, Maxwell counseled inmates regarding their status at the facility including behavior modification to obtain limited privileges in the facility. Maxwell was also responsible for counseling inmates regarding other problems at the facility. Her duties required her to see each of the inmates a minimum of once a month. On January 10, 2001, Maxwell received a handwritten correspondence with an attachment from Jones, indicating that Jones was suffering from a state of depression due to the recent holiday season. Maxwell wrote a response to Jones that same day, using a counseling technique described as “client-therapy relationships.” Maxwell argues that by using this method she was attempting to develop an effective counseling relationship with Jones. MDOC argues that Maxwell was involved in an improper relationship with Jones, which is against MDOC policy.
¶ 2. Maxwell was sent notice of an Administrative Review Hearing on February 9, 2001. The agency administrative hearing was held on February 26, 2001, after which the hearing officer determined that MDOC had sufficient cause to recommend that MDOC terminate Maxwell’s employment. On March 20, 2001, Maxwell received notice that her employment with MDOC was terminated.
¶ 3. Maxwell appealed this termination with the Employee Appeals Board (EAB). The EAB’S reviewing officer determined that Maxwell had indeed violated MDOC’s policy against forming personal relationships with inmates, however that the violation did not warrant termination. The EAB set aside Maxwell’s termination and reinstated Maxwell to her former position, but the reinstatement was without back pay. The reviewing officer further ordered that a written reprimand be placed in Maxwell’s personnel file.
¶ 4. MDOC appealed to the Full Board, which affirmed the reviewing officer’s decision. MDOC then sought review in the circuit court, which subsequently affirmed the board’s decision to uphold Maxwell’s reinstatement without back pay and written reprimand. It is from this affirmance that MDOC now appeals, arguing that the circuit court erred in affirming the Employee Appeals Board and the reviewing *1015 officer’s decision to modify MDOC’s disciplinary action against Maxwell. ■
STANDARD OF REVIEW
¶ 5. This Court’s standard of review of an administrative agency’s findings and decisions is well established, as enunciated in Yarbrough v. Mississippi Employment Sec. Comm’n, 841 So.2d 1193 (Miss.Ct.App.2003).
An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
(Citing Lewis v. Mississippi Employment Sec. Comm’n, 767 So.2d 1029(¶ 9) (Miss.Ct.App.2000)). The decision of an administrative agency is arbitrary “when it is not done according to reason and judgment, but depending on the will alone. An action is capricious if done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principles.” Mississippi State Dep’t of Health v. Natchez Comm. Hosp., 743 So.2d 973, 977(¶ 13) (Miss.1999) (citations' omitted). The findings of the employing agency are entitled to a presumption of correctness. Mississippi Dep’t of Corrections v. Harris, 831 So.2d 1190, 1192(1110) (Miss.Ct.App.2002). Regarding the burden of proof in such cases, our supreme court has stated that “the statute and administrative regulations clearly place the -burden of persuasion on the aggrieved employee to demonstrate that the reasons given are not true .... unless the employee carries the burden of persuasion that the alleged conduct did not occur, the employee has no right to have the employment decision overturned.” Richmond v. Miss. Dep’t. of Human Services, 745 So.2d 254, 258(¶ 14) (Miss.1999).
¶ 6. In our analysis we must also consider the following rule:
The Employee Appeals Board may modify an action of a responding agency but may not increase the severity of such action on the appealing party. If the responding agency has acted in accordance with the published policies, rules and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the Employee Appeals Board shall not alter the action, including but not limited to the compensation paid to the employee, taken by the agency.
S.P.B. Rule 10.40.22(B) (Rev.1999).
I. DID MDOC ACT ARBITRARILY AND CAPRICIOUSLY IN TERMINATING MAXWELL?.
¶ 7. The EAB reviewing officer determined as follows:
The contents and language used in the letter suggests the beginning of what would appear to the casual observer to be a personal relationship.
Technically, [Maxwell] violated the policy regarding relationships; however, there was no proof that the relationship was in fact personal, rather after hearing the facts and the duties of the position of Case Manager, it is the opinion of the Hearing Officer that a close personal relationship between [Maxwell] and the inmate did not in fact exist. However, it does appear that given time there is a possibility that a personal relationship might develop.
*1016 The Hearing Officer finds that there was a technical violation of the policy by [Maxwell], but does not warrant discipline.
[Rule 24(B) ] of the Mississippi Employee Appeals Board, provide (sic) that the Hearing Officer may modify the action of a responding party, but may not increase such action.
The Hearing Officer finds that the action taken by [MDOC] is too severe ....
The order continued by setting aside Maxwell’s termination, reinstating Maxwell without back pay, and ordering that a letter of reprimand be placed in her personnel file. The Appeals Board’s final order upheld the hearing officer’s determinations. The Appeals Board, then, effectively determined that while Maxwell technically committed a Group III offense by having a personal relationship with an inmate “there was no proof that the relationship was in fact personal.”
¶ 8. The letter sent to Jones by Maxwell was in response to a note from Jones. Maxwell’s letter begins “Sprangely, (sic) I was just thinking about you when I received your letter. I have been so busy this morning ... I haven’t had a chance to write to say hello.” This sentence was followed by a smiley face. In reference to Jones’s correspondence, Maxwell writes: “Thanks! For sharing and being the person I have become (sic) to know.” Further in the letter Maxwell writes ‘Tester-day when I came on the tier I was just playing with you when I said you were ugly, I was just making conversation O.K. Hopefully you didn’t take it serious (sic).” Maxwell further writes, “Please believe me, there isn’t anything I would do intentionally to hurt you or anyone for that matter.” Maxwell ends the letter by signing “Your Mom.”
¶ 9. Earl Jackson, the associate warden in Maxwell’s unit, testified that while it was proper for Maxwell to respond to inmate correspondence, it was improper for Maxwell to sign ‘Tour Mom.” Warden Crocker testified that, while case managers must form professional relationships with the inmates, case managers are not allowed to establish close personal relationships with inmates. Crocker further testified that in his opinion, Maxwell’s correspondence with Jones was improper and “crossed the line.”
¶ 10. Maxwell testified that she called Jones “ugly” because he kept interrupting her while she was talking with another inmate on the tier. Maxwell further testified that she closed the letter with “Your Mom” because she had found that during her teaching career students tended to be attracted to their teachers, but relating to them as a mother figure removed the flirtatious mood. Stanley Flagg, who is an associate warden at Parchman and Maxwell’s brother, testified on his sister’s behalf. In Flagg’s opinion, the letter did not indicate that Maxwell had developed a close relationship with Jones. Flagg also testified that he would not have recommended terminating Maxwell’s employment.
¶ 11. Clearly, MDOC did not act in an arbitrary or capricious manner in dismissing Maxwell. As stated earlier in this opinion, the determination of the employing agency is presumed to be correct. Under Richmond, unless Maxwell carried her burden and showed that the alleged conduct did not occur, then she has no right to have the employment decision overturned. Richmond, 745 So.2d at 258. From the record before this Court, Maxwell has failed to meet this burden. Accordingly, the decision of the circuit court is reversed.
*1017 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND THE FINDING OF THE ADMINISTRATIVE REVIEW BOARD IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. IRVING, J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY BARNES, J.