JAMES, J.,
for the Court:
¶ 1. David Foster appeals the decision of the Sunflower County Circuit Court, which affirmed the decision of the Mississippi Department of Corrections (MDOC), finding Foster guilty of possessing a cell phone while in the custody of the MDOC. Foster challenges this decision on appeal. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Foster was an inmate in the custody of the MDOC. During his incarceration, on October 7, 2010, a cell phone was found on his rack. Because cell phones are considered contraband under MDOC policy, Foster was issued a rule violation report (RVR) on October 13, 2010. The RVR stated:
On 10-07-10 at approximately 0700 [hours,] I[,] Sgt. Terry Rudolph[,] was conducting a shake down of inmate David Foster #77075. Upon shaking down inmate Foster’s rack[,] I found a Nokia cell phone on his rack. Therefore[,] inmate Foster will receive an RVR for violating rule C-7; possession of major contraband to include[,] but not limited to: electronic devices.
¶ 3. The RVR further indicated that Foster requested the contents of the camera showing the events described in the RVR. According to the RVR, Foster claimed, “It was not my cell phone. I have a rack partner.” Thus, he denied that he was guilty. Brenda Bennamon was the hearing officer listed in the RVR, and she found him guilty of possession of major contraband. As punishment, Foster was referred to the district attorney for reclassification.
¶ 4. A disciplinary-statement form was made part of the record, which provided *184 Foster his Miranda[1] rights in writing. On this form, Foster checked a box reading “I request an appearance before the [disciplinary [h]earing as a witness for the accused.” Lieutenant Earnest Young also wrote the following on this form:
[Inmate] Foster stated that Sgt. Rudolph did not find the phone on his rack. Sgt. Rudolph said that he found the phone on the rail of a rack (which rack the camera needs to be check[ed]). [Inmate] Foster stated that he talked to Capt. Donald [and] Warden Eracket that same day. Need statement.
¶5. On February 3, 2011, a grievance response was entered, which stated: “An investigation has been conducted into your RVR that was issued to you [in October 2010], After careful review of the circumstances and evidence obtained in this case, your appeal of RVR # 1097928 has been denied. Therefore, I find this matter resolved.”
¶ 6. On February 14, 2011, Foster filed a motion for judicial review in the Sunflower County Circuit Court. On March 11, 2011, Bennamon, Lieutenant Young, and the MDOC filed their response to Foster’s motion for judicial review, arguing that the decision of the Administrative Remedy Program should be affirmed.
¶7. On March 15, 2011, Foster filed a motion for production of documents and discovery, which was essentially a motion to compel discovery. Specifically, Foster sought a copy of the recording of the disciplinary hearing.
¶ 8. On February 29, 2012, the circuit court entered an order as follows:
This case comes before this [c]ourt on [Foster’s] [m]otion for [j]udicial [r]eview seeking review of RVR # 1097928. This [c]ourt having considered the matter and having reviewed documents presented, finds sufficient evidence that warrants upholding the decision of the [MDOC]. Decisions of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or in violation of the constitutional or statutory rights of the aggrieved party....
[Foster] received RVR # 1097928 for possession of a cell phone. [Foster] was afforded a hearing before the MDOC [h]earing [o]fficer. [Foster] requested that the hearing officer view footage from a camera identified by [Foster] as tape 61-B. Although no video was considered at the hearing, the [h]earing [o]fficer heard the testimony and/or statements of [Foster] and the [reporting [o]fficer. The [Reporting [o]fficer testified that he found the cell phone on [Foster’s] rack; therefore, [Foster] was found guilty. The [o]fficer’s testimony constituted substantial evidence in support of [the] MDOC’s decision. [The] MDOC’s decision is not arbitrary or capricious; beyond the agency’s scope or powers; or in violation of [Foster’s] constitutional or statutory rights. It is therefore,
ORDERED AND ADJUDGED that [Foster’]s [m]otion for [j]udicial [r]eview is hereby DENIED and DISMISSED.
¶ 9. On March 22, 2012, Foster appealed circuit court’s denial and dismissal of his motion for judicial review.
DISCUSSION
¶ 10. “The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the *185 aggrieved party.” Ross v. Epps, 922 So.2d 847, 849 (¶ 4) (Miss.Ct.App.2006) (quoting State Bd. of Pub. Accountancy v. Gray, 674 So.2d 1251, 1258 (Miss.1996)). “There is a rebuttable presumption which favors the agency’s decision[,] and the challenging party has the burden of proving the contrary.” Id.
¶ 11. In the case before us, there is no evidence that the administrative agency’s decision was not supported by substantial evidence, or was arbitrary or capricious, beyond the agency’s scope of powers, or violative of some constitutional or statutory right. Therefore, we affirm.
¶ 12. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).