# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01102-COA

KENNETH J. TAYLOR A/K/A KENNETH                    APPELLANT
TAYLOR A/K/A KENNETH JOE TAYLOR

v.

MISSISSIPPI DEPARTMENT OF                          APPELLEE
CORRECTIONS

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH J. TAYLOR (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | APPEAL DISMISSED |
| DISPOSITION: | AFFIRMED - 09/30/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., MAXWELL AND JAMES, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     Inmate Kenneth Taylor was reclassified from trusty to non-trusty status after being caught with a cell phone in violation of Mississippi Department of Corrections (MDOC) policy. While Taylor argues he never received notice of a rule-violation hearing, Taylor signed two documents acknowledging he received notice. When it was time for the hearing, Taylor refused to come out of his jail cell. So the hearing officer found him guilty in his absence after reviewing a witness statement and the investigative report. After review, we find substantial evidence supports MDOC's finding of a rule violation and affirm.

**Facts and Procedural History**

¶2. Taylor is an inmate in MDOC custody, jailed at the Central Mississippi Correctional Facility.[1] On February 13, 2013, Taylor was caught with an AT&T cell phone and charger. MDOC policy prohibits prisoners from possessing these items. A rule-violation report (RVR) notified Taylor a hearing would take place within twenty-four hours to seven days. Taylor signed the notice. Taylor also signed a separate document titled "24 Hour Rule Violation Notice." By signing this notice, Taylor "verif[ied] that I, Taylor, Kenneth, MDOC# 177361[,] have been given a scheduled notice to appear on 2-15-13 for a rule violation hearing."[2]

¶3. On the RVR, the hearing officer noted Taylor "refused to come out" of his cell for the hearing. The hearing officer found him guilty of the violation "based on the evidence presented at the hearing," which included a witness statement and incident report detailing the cell-phone seizure. Though the recommended punishment was to reclassify his status and revoke 180 days of earned time, the loss of earned time was "disapproved." So Taylor was merely reclassified from trusty status to non-trusty status.

¶4. On March 19, 2013, Taylor filed a formal request for an MDOC administrative-remedy appeal. On March 26, 2013, the legal-claims adjudicator (LCA) for MDOC's

---

[1] On July 26, 2012, Taylor was convicted of receiving stolen property. He was sentenced to eight years and one day.

[2] Taylor argues this document was forged, but he provides no evidence to support his contention other than his bare allegation.

2

administrative-remedy program denied his appeal as untimely.[3]

¶5.     On April 25, 2013, Taylor appealed the LCA's dismissal to the circuit court. And on April 29, 2013, the circuit court entered an order requiring Taylor to file a response addressing whether the MDOC's decision was unsupported by substantial evidence, arbitrary or capricious, outside the MDOC's scope, or unconstitutional. Taylor never filed a response.

¶6.     On May 17, 2013, the circuit court entered a judgment of dismissal. In dismissing Taylor's appeal, the circuit judge did not address the timeliness of Taylor's appeal to the LCA through the administrative-remedy program. Instead, the judge found "MDOC's decision was supported by substantial evidence, was not arbitrary or capricious, was within the scope and powers of MDOC[,] and did not violate the constitutional rights of [the] petitioner." Taylor appealed.

## Discussion

¶7.     "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Foster v. Bennamon*, 116 So. 3d 182, 184-85 (¶10) (Miss. Ct. App. 2013) (quoting *Ross v. Epps*, 922

---

[3] The LCA found the administrative appeal from the hearing officer was untimely because there had been a lapse of more than fifteen days since the RVR hearing. But by MDOC rule, Taylor had thirty days to seek administrative review from MDOC. So the finding of untimeliness was incorrect. Like the circuit judge, we will assume Taylor timely appealed. Thus, we address the merits of his claims.

3

So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006)). "There is a rebuttable presumption which favors the agency's decision, and the challenging party has the burden of proving the contrary." *Id*. at 185 (¶10).

## I.     Notice of Hearing

¶8.     Though Taylor complains he never received notice of his rule-violation hearing, he signed a "24 hour rule violation notice," notifying him of a February 15, 2013 rule-violation hearing. And before that he was issued an RVR advising him that "a hearing will be held within, no less than, twenty-four (24) hours to no more than seven (7) working days." There is also a notation on the RVR that Taylor "refused to come out" of his cell for the hearing. Thus, the record refutes his lack-of-notice argument.

## II.     Loss of Earned Time

¶9.     Taylor complains the MDOC violated his constitutional rights in revoking his earned time. But the RVR shows the recommended 180 days of lost earned time was "disapproved." We do note however that Taylor eventually lost earned time due to distinct later-occurring violations.[4] But those violations were never challenged through MDOC's administrative-remedy program and were not appealed to the circuit court. Because there is no record proof that Taylor exhausted his administrative remedies for his later-occurring violations, we are without jurisdiction to consider challenges to these violations and earned-time losses.

----

[4] Taylor was issued two additional RVRs. An April 15, 2013 RVR states Taylor was hiding a cell phone under his pillow, so he lost 180 days of earned time. And a May 21, 2013 RVR shows Taylor lost an additional 180 days of earned time for hiding a cell phone in his leg brace.

*McKenzie v. State*, 66 So. 3d 1274, 1275 (¶2) (Miss. Ct. App. 2011).

### III.    Substantial Evidence

¶10.    As to the merits, we find substantial evidence supports MDOC's finding that Taylor possessed a cell phone and charger in violation of MDOC's policy. Officer Jason Kimbley reported he "noticed offender [Taylor] hav[ing] in his possession a black AT&T cell phone along with a charger." Taylor received an RVR for this possession. And when given notice of the hearing, Taylor refused to attend. In his absence, the judge considered the uncontested witness statement and details of Taylor's cell-phone possession from the incident report. After being found guilty, Taylor refused to acknowledge the finding of guilt. On appeal to the circuit court, the judge ordered Taylor to address whether MDOC's decision was based on substantial evidence. Yet Taylor failed to respond to the judge.

¶11.    Now on appeal to this court, Taylor offers nothing more than bare allegations to refute the finding of guilt.[5] Our review shows substantial evidence supported MDOC's decision; thus we affirm.

¶12.    **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**

---

[5] *See Amerson v. Epps*, 63 So. 3d 1246, 1251 (¶16) (Miss. Ct. App. 2011) (citing *Barnes v. State*, 937 So. 2d 1006, 1009 (¶6) (Miss. Ct. App. 2006)) (noting that appellate courts can only consider facts in the record, not mere allegations in a brief).