# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01630-COA

**JAMES BRADY**                                                      **APPELLANT**

**v.**

**OFFICER JAMES HOLLINS, RAYMOND BYRD,**                 **APPELLEES**
**WARDEN, LT. TIRAH WESLY AND**
**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES BRADY (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: ANTHONY LOUIS SCHMIDT JR. JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED THE DECISION OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 01/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     While serving a twenty-two-year sentence in the custody of the Mississippi Department of Corrections (MDOC) for drug-related offenses, James Brady was found guilty by the MDOC of fighting with another inmate in May 2014. Brady challenged the finding in the Rankin County Circuit Court. The circuit court affirmed MDOC's decision, and Brady filed this appeal. Finding no error, we affirm.

**FACTS**

¶2. In January 2012, James Brady was convicted of cocaine possession in Hinds County, Mississippi, and received a two-year sentence. In September 2012, Brady was convicted of sale of a controlled substance, with an enhanced penalty, in Rankin County, Mississippi, for which he received a total sentence of twenty years. The circuit court ordered that the sentences run consecutively.

¶3. Brady was found guilty by the MDOC on May 1, 2014, of a rule violation for fighting with another inmate who was confined to a wheelchair. Brady appealed the MDOC's decision to the circuit court, which affirmed. Brady appeals.

**STANDARD OF REVIEW**

¶4. This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts. *Clay v. Epps*, 19 So. 3d 743, 745 (¶7) (Miss. Ct. App. 2008). "We will examine the appeal to determine whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*. (citation omitted). These are the only factors considered when deciding whether to overturn an agency's decision. *Miss. Transp. Comm'n v. Anson*, 879 So. 2d 958, 963 (¶13) (Miss. 2004) (citation omitted). This Court looks to see whether a circuit court exceeded its authority, bearing in mind that "a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging an agency's action." *Id*. (quoting *Pub. Emps' Ret. Sys. v. Shurden*,

822 So. 2d 258, 263 (¶13) (Miss. 2002)).

## DISCUSSION

¶5.     Brady argues that "his right to due process by way of the Fourteenth Amendment during his disciplinary hearing" was denied.  In the Rule Violation Report (RVR), Officer James Hollins provided a detailed account of Brady's altercation.  At the conclusion of the RVR, the phrase "refused to come out" was written on the signature line in place of Brady's signature.  This indicated that Brady refused to leave his cell in order to attend the hearing.  However, Brady alleges that he did not refuse to attend his disciplinary hearing, but that he was unaware of the hearing and was at the MDOC health clinic, being seen for a sick-call request.  As a result, Brady complains that he "was not afforded the opportunity to produce documentary evidence on his behalf such as staff reports [and] clinic body sheets to show injuries were de minimus in nature."

¶6.     Brady does not dispute that the altercation between himself and the other inmate took place, and even admitted to throwing the first punch.  His punishment consisted of a thirty-day loss of all privileges.

¶7.     The circuit court found that Brady failed to show that MDOC's actions or decisions were not supported by substantial evidence, were arbitrary or capricious, were beyond the agency's scope or powers, or violated Brady's constitutional or statutory rights.  We agree.

### I.      Whether Brady was afforded due process.

¶8.     First, we look to Brady's claim that he was not afforded due process by way of the Fourteenth Amendment.  "A due process violation occurs where a party is not allowed a full

3

and complete hearing before being deprived of life, liberty or property." *Vaughn v. Vaughn*, 56 So. 3d 1283, 1287 (¶13) (Miss. Ct. App. 2011) (citation omitted). In order to have a valid procedural or substantive due-process claim, the claimant must show that he "has been deprived by the government of a liberty or property interest; otherwise, no right to due process can accrue." *Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1170 (¶19) (Miss. Ct. App. 2007). This Court has followed the United States Court of Appeals for the Fifth Circuit in finding that "a prisoner's temporary loss of privileges [was] 'merely [a] change[] in the condition of his confinement and [did] not implicate due process concerns.'" *Mixon v. Enlers*, 90 So. 3d 635, 637 (¶6) (Miss. Ct. App. 2012) (quoting *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)). Such penalties do not represent "the type of atypical, significant deprivation in which a state might create a liberty interest." *Id.*

¶9. Because we find that Brady's loss of privileges does not constitute a constitutional violation of due process, this issue is without merit.

## II. Whether MDOC's actions were arbitrary or capricious.

¶10. Next, Brady asserts that MDOC's actions were arbitrary and capricious, as well as violated its own policies and procedures. Brady complains that he was not afforded the opportunity to attend his disciplinary hearing, but that is not true. On the day of his hearing, Brady refused to come out of his cell. Brady explains that, on that day, he was receiving medical treatment in the health clinic. Indeed, he submitted a medical-service-request form, showing he had sought treatment for athlete's foot, that had been initialed by medical personnel. Brady contends that the date on the form is May 1; however, upon review of the

4

form, we find the date to be illegible, and clearly altered.

¶11. This Court has held that we will not disturb the decision of the MDOC unless the decision is unsupported by substantial evidence or arbitrary or capricious. *Taylor v. Petrie*, 41 So. 3d 724, 727 (¶8) (Miss. Ct. App. 2010) (citing *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001)). "A rebuttable presumption exists in favor of [MDOC], and the challenging party has the burden of proving otherwise." *Miss. Dep't of Corr. v. Maxwell*, 913 So. 2d 1013, 1015 (¶5) (Miss. Ct. App. 2005) (citation omitted). We find that Brady has failed to offer any evidence that MDOC's actions were arbitrary or capricious. This issue is also without merit.

¶12. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**

5