# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00551-COA

TREMAYNE WHITLOCK A/K/A TREMANE WHITLOCK                                    APPELLANT

v.

BRIAN LADNER, LATISHA BROOKS AND
LARRY MYERS A/K/A LEROY MYERS                                    APPELLEES

DATE OF JUDGMENT:                03/24/2016
TRIAL JUDGE:                     HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:       RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          TREMAYNE WHITLOCK (PRO SE)
ATTORNEY FOR APPELLEES:          OFFICE OF THE ATTORNEY GENERAL
                                 BY: ANTHONY LOUIS SCHMIDT JR.
NATURE OF THE CASE:              CIVIL - OTHER
TRIAL COURT DISPOSITION:         AFFIRMED THE DECISION OF THE
                                 MISSISSIPPI DEPARTMENT OF
                                 CORRECTIONS AND DISMISSED THE
                                 COMPLAINT
DISPOSITION:                     AFFIRMED: 04/11/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Tremayne Whitlock appeals the circuit court's dismissal of his administrative-remedy

complaint against the Mississippi Department of Corrections (MDOC). We find no error and

affirm.

FACTS AND PROCEDURAL HISTORY

¶2.    Whitlock is currently serving a life sentence for murder in the custody of the MDOC.

On June 28, 2015, at approximately 12:25 p.m., Leroy Myers, a correctional officer with the

MDOC, observed Whitlock bring a package through the back door of the kitchen and hide the package in a closet. The package was subsequently confiscated and searched and contained five cell phones, five cell-phone chargers, and five pounds of tobacco.

¶3. Whitlock was issued a rule violation report (RVR) and charged with possession of major contraband. He was subsequently ordered to be placed in administrative segregation pending an investigation. On July 2, 2015, a disciplinary hearing was held wherein the hearing officer, Latisha Brooks, found Whitlock guilty of possession of major contraband. Whitlock was reclassified to the cellular-telephone-management housing unit and lost all privileges for ninety days.

¶4. Whitlock appealed the hearing officer's decision through the MDOC's administrative remedy program (ARP). Brian Ladner, a warden with the MDOC, reviewed the appeal and found the RVR would remain in place as stated.

¶5. After he exhausted his administrative remedies with the MDOC, Whitlock filed a complaint in the Circuit Court of Rankin County against MDOC officers Ladner, Brooks, and Myers. Neither MDOC nor Ladner, Brooks, or Myers was properly served with process.

¶6. Whitlock filed a pro se "motion for entry of default" pursuant to Mississippi Rule of Civil Procedure 55.[1] Thereafter, the attorney general filed a response to Whitlock's complaint on behalf of Ladner, Brooks, and Myers.

¶7. The circuit court ordered MDOC to respond "relative to whether MDOC's decision was supported by substantial evidence, was not arbitrary or capricious, was within the scope

---

[1] There is no indication in the record that the motion was addressed or ruled on by the circuit court.

and powers of MDOC[,] and did not violate the constitutional rights of [Whitlock]." The circuit court further ordered MDOC to include a true and correct legible copy of file documents from the Central Mississippi Correctional Facility. MDOC subsequently filed an amended response, along with the requested documents.

¶8. On March 24, 2016, the circuit court found "that MDOC's decision was supported by substantial evidence, was not arbitrary or capricious, was within the scope and powers of MDOC[,] and did not violate the constitutional rights of [Whitlock]." As a result, the circuit court affirmed the decision of the MDOC and dismissed Whitlock's complaint.

¶9. Whitlock now appeals and argues: (1) the circuit court erred in failing to enter a default judgment, (2) he was denied due process under the Fourteenth Amendment, and (3) the circuit court erred in stating that the MDOC's decision was supported by substantial evidence and was not arbitrary and capricious.

STANDARD OF REVIEW

¶10. "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Taylor v. Miss. Dep't of Corr.*, 148 So. 3d 32, 34 (¶7) (Miss. Ct. App. 2014). "There is a rebuttable presumption which favors the agency's decision, and the challenging party has the burden of proving the contrary." *Id*.

ANALYSIS

I. *Whether the circuit court erred in failing to enter a default judgment.*

3

¶11. Whitlock first argues that "the [circuit] court's failure to enter default was error and must be reversed as a matter of law." We disagree. Pursuant to Mississippi Rule of Civil Procedure 4(d)(5), service of process upon the State of Mississippi or any one of its departments, officers, or institutions shall be made by delivering a copy of the summons and complaint to the attorney general of the State of Mississippi. The record shows Whitlock failed to properly serve MDOC, Ladner, Brooks, and Myers pursuant to Rule 4(d)(5). In fact, there is no evidence in the record that the attorney general was ever served with process on behalf of MDOC, Ladner, Brooks, and Myers.

¶12. Although the record indicates Ladner, Brooks, and Myers were personally served with process pursuant to Mississippi Rule of Civil Procedure 4(d)(1)(A), the complaint does not allege Ladner, Brooks, or Myers acted in their individual capacities. Instead, the complaint alleges Ladner, Brooks, and Myers, as employees and officers of the MDOC, violated certain rules and procedures.

¶13. Before a default judgment can be entered, the circuit court must have jurisdiction over the party against whom the judgment is sought, which means the party must have been effectively served with process. *BB Buggies, Inc. v. Leon*, 150 So. 3d 90, 95 (¶6) (Miss. 2014). Because Whitlock failed to properly serve MDOC, Ladner, Brooks, or Myers, the circuit court lacked jurisdiction and the authority to enter a default judgment. Thus, we find this issue is without merit.

      II.     *Whether Whitlock was denied due process.*

¶14. Whitlock next argues he was denied his constitutionally protected right to due process

4

under the Fourteenth Amendment. "A due process violation occurs where a party is not allowed a full and complete hearing before being deprived of life, liberty or property." *Brady v. Hollins*, 192 So. 3d 1066, 1068 (¶8) (Miss. Ct. App. 2016) (quoting *Vaughn v. Vaughn*, 56 So. 3d 1283, 1287 (¶13) (Miss. Ct. App. 2011)). "In order to have a valid procedural or substantive due-process claim, the claimant must show that he 'has been deprived by the government of a liberty or property interest; otherwise, no right to due process can accrue.'" *Id*. at 1069 (¶8) (quoting *Suddith v. Univ. of S. Miss*., 977 So. 2d 1158, 1170 (¶19) (Miss. Ct. App. 2007)).

¶15. Whitlock first claims his reclassification to the cellular-telephone-management housing unit constitutes a deprivation of a protected liberty interest. However, a prisoner has no liberty interest in the classification he is assigned unless the classification affects the length of the prison sentence or "impose[s] an atypical and significant hardship in relation to the ordinary incidents of prison life." *Carson v. Hargett*, 689 So. 2d 753, 755 (Miss. 1996).

¶16. Whitlock's classification in the cellular-telephone-management housing unit did not affect the length of his prison sentence, nor did it impose an atypical or significant hardship in relation to the ordinary incidents of prison life. Instead, Whitlock lost privileges on a temporary basis. "[A] prisoner's temporary loss of privileges [is] 'merely a change in the condition of his confinement and [does] not implicate due process concerns.'" *Brady*, 192 So. 3d at 1069 (¶8) (quoting *Mixon v. Enlers*, 90 So. 3d 635, 637 (¶6) (Miss. Ct. App. 2012)).

¶17. Upon review, we do not find Whitlock's reclassification in the cellular-telephone-

5

management housing unit or his temporary loss of privileges constitutes a deprivation of a liberty or property interest. Accordingly, Whitlock's due-process claim fails.

¶18. Whitlock further claims that the MDOC violated various disciplinary procedures. We find Whitlock's claim is meritless. Nevertheless, we separately address each of the alleged violations.

    *a. The RVR did not include the date of the alleged incident.*

¶19. Whitlock asserts Officer Myers did not include the date of the alleged incident, "therefore making the RVR incomplete." However, the RVR was prepared shortly after the incident occurred and includes the date of the incident, June 28, 2015.

    *b. Indication was not made on the RVR that Whitlock was placed in administrative segregation.*

¶20. On June 29, 2015, at approximately 5:00 p.m., Whitlock was ordered to be placed in administrative segregation. The RVR was prepared June 28, 2015. Thus, the RVR does not indicate Whitlock's placement in segregation, since it was prepared prior to the MDOC's decision to place Whitlock in segregation.

¶21. Regardless, the detention notice clearly shows Whitlock was notified June 29, 2015, at 8:30 p.m. of the MDOC's decision to place him in administrative segregation. Whitlock's signature appears on the detention notice. Thus, Whitlock had notice of the MDOC's decision to place him in segregation. Moreover, the disciplinary hearing was held shortly thereafter on July 2, 2015.

    *c. Whitlock was not afforded the opportunity to present witnesses or documentary evidence during the disciplinary hearing.*

6

¶22. According to the RVR, Whitlock requested fellow inmates Larry Thomas and Charles Collier as witnesses. Neither Thomas nor Collier requested or agreed to appear at the disciplinary hearing on behalf of Whitlock. However, the record shows that during the course of the investigation, written statements were obtained from both Thomas and Collier. As noted on the RVR, the hearing officer considered the evidence obtained during the course of the investigation.

> d. *Whitlock was placed in a cellular-telephone-management housing unit and was not found in possession of cellular telephones, accessories, or components.*

¶23. The record indicates Officer Myers observed Whitlock bring a package into the kitchen and hide the package in a closet. The package was later searched and contained cell phones and cell-phone chargers. Thus, the record supports a finding that Whitlock was in possession of cellular telephones, accessories, or components, which warrants placement in the cellular-telephone-management housing unit.

> III. *Whether the circuit court erred in finding that the MDOC's decision was supported by substantial evidence and was not arbitrary or capricious.*

¶24. Whitlock received an RVR for the possession of major contraband and was provided notice of the disciplinary hearing. Whitlock was present at the hearing and gave a statement to the hearing officer. The hearing officer considered the evidence, as well as the RVR, the investigation, and the incident report.

¶25. We find substantial evidence supports the MDOC's decision that Whitlock possessed major contraband in violation of the MDOC's policy. Whitlock has failed to provide any

7

evidence that the MDOC's actions were arbitrary or capricious.

CONCLUSION

¶26. Upon review, we find the MDOC's decision is supported by substantial evidence, was not arbitrary or capricious, was not beyond the MDOC's scope or powers, and did not violate Whitlock's constitutional rights. Thus, we affirm the circuit court's dismissal of Whitlock's administrative-remedy complaint.

¶27. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE,CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**