# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01465-COA

**BENJAMIN ROBERSON**                                                      **APPELLANT**

**v.**

**COMMISSIONER MARSHALL FISHER**                              **APPELLEE**

DATE OF JUDGMENT:          12/14/2017
TRIAL JUDGE:          HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:          ISSAQUENA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          BENJAMIN ROBERSON (PRO SE)
ATTORNEY FOR APPELLEE:          DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:          AFFIRMED - 04/07/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Benjamin Roberson appeals from the Issaquena County Circuit Court's dismissal of his motion for judicial review of an Administrative Remedy Program (ARP) decision. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2009, Roberson was convicted in the Washington County Circuit Court of sexual battery, and he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). On October 17, 2016, Roberson filed a request for an administrative remedy with MDOC, challenging the legality of MDOC Policy Number 15-03-01, which restricted sex offenders from receiving meritorious earned time—a conditional

reduction in a sentence that operates as an "incentive for offenders to achieve positive and worthwhile accomplishments for their personal benefit or the benefit of others." Miss. Code Ann. § 47-5-142(1) (Rev. 2015). On October 20, 2016, through the ARP, MDOC rejected the request because the "[r]elief [was] beyond the power of the Mississippi Department of Corrections to grant." Roberson received notice of the rejection on October 31, 2016. And on November 9, 2016, Roberson filed a motion for judicial review in the Issaquena County Circuit Court.[1]

¶3. MDOC filed an answer and alleged, among other things, that Roberson's motion failed to state a claim upon which relief could be granted; Roberson was ineligible to receive meritorious earned time due to his sex-offender status; the court lacked jurisdiction because MDOC had not received or waived service of process; and MDOC's internal statute of limitations had been violated. MDOC later amended its pleadings to challenge venue. MDOC also filed a motion to dismiss and a motion to quash the summons. Attached to the motion to quash was an affidavit, which stated that MDOC had not received service of process.

¶4. In response, Roberson stated that the certificate of service indicated that he mailed a copy of his motion for judicial review to the Attorney General's Office. He also attached an Issaquena County Correctional Facility mail log to his response, which stated that the motion for judicial review was mailed to "Issaquena Co. Circuit Clerk, Attorney General Jim Hood."

¶5. On December 14, 2017, the circuit court granted MDOC's motion to dismiss. The

---

[1] The motion was styled "*Benjamin Roberson v. Commissioner Marshal*[*l*] *Fisher Mississippi Department of Corrections*."

court stated that "even disregarding [Roberson's] clear deficiencies regarding venue and service of process" he was a convicted sex offender and therefore was not eligible to receive meritorious earned time.

¶6. On February 6, 2018, Roberson filed a motion to reopen the time for appeal, claiming that he had not received a copy of the court's order dismissing his motion for judicial review. And on March 2, 2018, Roberson filed his notice of appeal.[2] In October 2018, the court entered an order stating that the clerk's office "inadvertently failed to process the appeal or notify the court of the filing." The court ordered the clerk to "process the appeal at once." And the court ruled that Roberson's motion to reopen the time for appeal was moot because the court had previously ordered the clerk's office to file and process the appeal.

¶7. Roberson raises two issues on appeal: (1) whether sex offenders are eligible to receive meritorious earned time under Mississippi Code Annotated section 47-5-142, and (2) whether the restrictions in Mississippi Code Annotated section 47-5-139 (Rev. 2015) apply to section 47-5-142. We consolidate these issues and address whether the circuit court erred by dismissing Roberson's motion for judicial review.

**STANDARD OF REVIEW**

¶8. "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Jobe v. State*, 288 So. 3d 403, 408 (¶18) (Miss. Ct. App. 2019) (citing *Brady v. Hollins*, 192 So. 3d 1066, 1068 (¶4) (Miss. Ct. App. 2016)). "We look to see whether the circuit court exceeded its authority, bearing in mind that a

---

[2] The Notice of Appeal was styled "*Benjamin Roberson v. Commissioner Marshall Fisher*."

3

rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id*. The court examines "whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*. "Whether the circuit court has jurisdiction is a question of law and is reviewed de novo." *Id*. (citing *Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 765-66 (¶6) (Miss. Ct. App. 2011)).

**DISCUSSION**

¶9. The Special Assistant Attorney General assigned to MDOC argues that there were several procedural bars to Roberson's motion for judicial review. Specifically, he argues that the circuit court properly dismissed Roberson's motion because (1) MDOC was not made a party to the proceedings, (2) MDOC had not received or waived service of process, (3) venue was improper, and (4) MDOC's internal statute of limitations had been violated. We will briefly address these procedural arguments before turning to the merits of Roberson's appeal.

**1.     Necessary Party**

¶10. MDOC argues it was a necessary party but was not made a party to the proceedings in the circuit court. Roberson's motion for judicial review was styled "*Benjamin Roberson v. Commissioner Marshal*[*l*] *Fisher Mississippi Department of Corrections*." Although Roberson's appeal is styled "*Benjamin Roberson v. Commissioner Marshall Fisher*," MDOC does not seem to take issue with the parties on appeal.[3] Furthermore, Marshall Fisher was

_____

[3] The Court notes that MDOC could have moved under Mississippi Rule of Appellate Procedure 43(b) to substitute the current commissioner of MDOC but did not. We also note

4

the Commissioner of MDOC at the time, and "this Court has addressed the merits of prior cases concerning an appeal from the ARP, although the MDOC was not included as a party." *See Leavitt v. Carter*, 178 So. 3d 334, 339 n.3 (Miss. Ct. App. 2012).

### 2. Service of Process

¶11. Next, MDOC claims the circuit court lacked personal jurisdiction because MDOC did not receive or waive service of process. Roberson claims the certificate of service indicates that he mailed a copy of his motion for judicial review to the Attorney General's Office. And he points out that an Issaquena County Correctional Facility mail log indicates that the motion was mailed to "Issaquena Co. Circuit Clerk, Attorney General Jim Hood."

¶12. This Court recently held that judicial review of an ARP decision "is not a 'new filing' or a new lawsuit that would require service of process on MDOC (or the Attorney General for MDOC)." *Jobe*, 288 So. 3d at 408 (¶20). Therefore, the circuit court did not lack personal jurisdiction.

### 3. Venue

¶13. Next, MDOC claims the Issaquena County Circuit Court was not the appropriate venue. However, this Court has held that in an appeal from an administrative agency decision, "jurisdiction is proper in the county where the defendant resides," which in this case would be Roberson's county of incarceration. *Stokes v. State*, 984 So. 2d 1089, 1091 (¶7) (Miss. Ct. App. 2008) (citing *Guy v. State*, 915 So. 2d 508, 510 (¶6) (Miss. Ct. App.

---

that "[w]hen a public officer is a party in an official capacity to an appeal or other proceeding in either appellate court and, during its pendency, the officer dies, resigns, or otherwise ceases to hold office . . . the public officer's successor is automatically substituted as a party." M.R.A.P. 43(c)(1).

2005)). MDOC admitted that Roberson was housed in Issaquena County. Therefore, the Issaquena County Circuit Court was the appropriate venue for Roberson's motion.

### 4. Statute of Limitations

¶14. Finally, MDOC claims Roberson failed to comply with the thirty-day statute of limitations. The statute concerning the right of judicial review of prisoners' requests, or complaints to MDOC, Mississippi Code Annotated section 47-5-807 (Rev. 2015), reads:

> Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.

¶15. Roberson received MDOC's denial of his request on October 31, 2016. And he filed his motion for judicial review on November 9, 2016, which was within the thirty-day appeal deadline. Therefore, Roberson sought his judicial review within the thirty days required by the statute, and the circuit court had jurisdiction to consider it.

¶16. To the extent MDOC argues that Roberson's request for administrative remedy violated MDOC's internal statute of limitations, the matter is outside the record. Therefore, we will not consider it. *See Johnson v. State*, 281 So. 3d 1221, 1227 (¶28) (Miss. Ct. App. 2019).

### 5. Merits

¶17. Roberson claims he is eligible for meritorious earned time and bases his argument on section 47-5-142(1), which states that "any offender shall be eligible" to receive meritorious earned time, "subject to the provisions of this section . . . as distinguished from earned time for good conduct and performance." He points out that nothing in section 47-5-142 expressly

6

prohibits him from being eligible.

¶18. A similar argument was raised in *Mason v. Mississippi Department of Corrections*, 248 So. 3d 840 (Miss. Ct. App. 2017). This Court noted that section 47-5-139(1)(d) provides, "An inmate shall not be eligible for the earned time allowance if the inmate was convicted of a sex crime." *Mason*, 248 So. 3d at 841 (¶3) (quoting Miss. Code Ann. § 47-5-139(1)(d)). And this Court has repeatedly held that "notwithstanding the broad language in section 47-5-142, eligibility for meritorious earned time is controlled by section 47-5-139." *Id*.

¶19. The circuit court correctly dismissed Roberson's complaint because having been convicted of a sex crime, Roberson was not eligible to have his sentence reduced for meritorious earned time.

¶20. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**