# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01582-COA

**LARRY CHAPIN HESLER II**                                        APPELLANT

**v.**

**ALCORN COUNTY CORRECTIONAL**                                  APPELLEE
**FACILITY**

DATE OF JUDGMENT:                 09/16/2019
TRIAL JUDGE:                      HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:        ALCORN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           LARRY CHAPIN HESLER II (PRO SE)
ATTORNEY FOR APPELLEE:            WILLIAM HULL DAVIS JR.
NATURE OF THE CASE:               CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                      VACATED AND REMANDED - 07/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.    Larry Chapin Hesler, while an inmate in the custody of the Mississippi Department of Corrections (MDOC), was issued a Rule Violation Report (RVR). After a hearing, he was found guilty of the violation. The MDOC affirmed the decision. Hesler sought judicial review in the Alcorn County Circuit Court. The circuit court dismissed Hesler's request for judicial review for being time-barred. Hesler appeals. Upon review, we find that Hesler's request for judicial review was timely filed but that the circuit court lacked jurisdiction. For the reasons discussed below, we vacate the circuit court's judgment and remand this case to the circuit court for dismissal due to lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.    Hesler, while an inmate in the custody of the MDOC,[1] was involved in an alleged fight with another inmate, Jherime McCamey, on or about November 5, 2018. On November 6, 2018, Sergeant Jerry Dykes issued a RVR, stating that "it was observed on video that inmate Hesler, Larry #117112 assaulted inmate McCamey, Jherime #181371 causing serious injury to his facial area."

¶3.    Hesler was given a hearing pursuant to the MDOC's Administrative Remedy Program (ARP). After the hearing, Hesler was found guilty of the violation. As a result, Hesler was given temporary isolation and the loss of certain privileges. Hesler requested review of the decision by the MDOC on November 12, 2018. On April 17, 2019, Hesler received written notice that the MDOC was upholding the decision. On May 14, 2019, Hesler mailed his petition for judicial review to the Alcorn County Circuit Court. The petition for judicial review was filed on June 3, 2019. The circuit court denied Helser's petition in an order issued on September 10, 2019. The circuit court based its denial on a lack of jurisdiction. More specifically, the circuit court found that pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015), Hesler's petition was not filed within thirty days of receiving the MDOC's final determination. Aggrieved, Hesler appeals.

**STANDARD OF REVIEW**

¶4.    "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Jobe v. State*, 288 So. 3d 403, 408 (¶18) (Miss. Ct. App. 2019) (citing *Brady v. Hollins*, 192 So. 3d 1066, 1068 (¶4) (Miss. Ct. App. 2016)).

---

[1] Hesler was housed by the MDOC at the Alcorn County Correctional Facility at the time of the subject incident.

"We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id*. "The court examines 'whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party.'" *Id*. (quoting *Brady,* 192 So. 3d at 1068 (¶4)). "Whether the circuit court has jurisdiction is a question of law and is reviewed de novo." *Id*. (citing *Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 765-66 (¶6) (Miss. Ct. App. 2011)).

## DISCUSSION

¶5.     On appeal, Hesler raises the singular issue of whether the circuit court erred in dismissing his petition for judicial review as untimely filed. Mississippi Code Annotated section 47-5-807 states that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." The circuit court cited *Moore v. Mississippi Department of Corrections*, 936 So. 2d 941 (Miss. Ct. App. 2005), as authority for dismissing Hesler's petition for judicial review. The portion of *Moore* that the circuit court cites states, "Under Mississippi Code Annotated section 47-5-807 (Rev. 2000), Moore had thirty days to seek judicial review of the MDOC's decision under ARP. Moore acknowledged receipt of the decision on March 30, 2004, and his petition was not filed until July 22, 2004, well beyond

3

the thirty-day period." *Id*. at 944 (¶14). *Moore* is not incorrect. However, our Supreme Court has held that "a pro se pleading is considered 'filed' when mailed by the inmate and not when it is received by the circuit clerk." *Easley v. Roach*, 879 So. 2d 1041, 1042 (¶4) (Miss. 2004).

¶6.    Looking to the instant case, and the record before us, Hesler received notice of the final decision from the MDOC on April 17, 2019. Hesler mailed his petition for judicial review on May 14, 2019.[2] Pursuant to *Easley*, discussed *supra*, Hesler's petition was timely filed.[3]

¶7.    Notwithstanding the above discussion regarding whether Hesler's petition was timely filed, the question of jurisdiction remains. There is nothing in the record before this Court indicating that Hesler provided notice to the parties of his intent to seek judicial review. Alcorn County states in its brief that "none of Appellees were served with process, and Alcorn County has no record of receiving notice of Hesler's Petition for Judicial Review. Accordingly, Appellees made no appearance in the Circuit Court." In *Jobe*, 288 So. 3d at 408 (¶20), this Court discussed the ARP judicial-review requirements at issue here. This Court stated that a petition for judicial review "is not a 'new filing' or a new lawsuit that would require service of process on MDOC (or the Attorney General for MDOC). Rather, as the final step in the administrative procedure outlined by the statute, no more than notice to

---

[2] Based upon the MDOC's mail-transaction history in the record, it is undisputed that Hesler mailed his petition for judicial review on May 14, 2019.

[3] In its brief, Alcorn County concedes that Hesler's brief was timely filed and goes on to address each claim in Hesler's petition for judicial review. However, Hesler only raised one issue on appeal: whether the circuit court erred in dismissing his petition as untimely.

4

MDOC of the intent to appeal should be required." *Id*. Jobe did not serve anyone but provided notice. As such, this Court held that because Jobe provided notice, jurisdiction was proper. *Id*. at 410 (¶¶26-27).

¶8. Recently, our Supreme Court addressed issues similar to those in *Jobe*, discussed *supra*, and they are virtually identical to the case currently before this Court. In *Smith v. State*, 293 So. 3d 238, 242 (¶20) (Miss. 2020), Smith timely filed his petition for judicial review in the circuit court. However, the record failed to indicate whether anyone was served by Smith or received notice. *Id*. Our Supreme Court held that "[b]ecause Smith failed to provide the MDOC with notice of his petition for judicial review, the circuit court lacked personal jurisdiction over the MDOC." *Id*. at 242-43 (¶22).

¶9. In the instant case, the record shows that Hesler timely sought judicial review of the MDOC's final decision. The record does not show that any of the parties received notice of Hesler's petition for judicial review. Because Hesler failed to provide the parties with notice of his petition for judicial review, the circuit court lacked personal jurisdiction. Therefore, we vacate the circuit court's judgment and remand this case to the circuit court for dismissal due to lack of jurisdiction.

¶10. **VACATED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**