# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CP-01557-SCT

*ARTHUR M. EASLEY*

*v.*

*LETITIA ROACH, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/26/2003 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | (PRO SE) |
| ATTORNEYS FOR APPELLEES: | JANE L. MAPP |
| | JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | VACATED AND REMANDED - 08/05/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Arthur M. Easley, appeals pro se from the judgment of the Circuit Court of Sunflower County, which dismissed his case and ruled that Easley failed to timely seek judicial review of an adverse decision rendered pursuant to an administrative review procedure.

¶2.     Easley filed a motion for an Order to Show Cause (complaint), which alleged that the procedures used by the Mississippi Department of Corrections (MDOC) to place him in solitary confinement violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Easley's complaint was dismissed as untimely by the circuit court since it was not filed by the Circuit Clerk

within 30 days after receipt of the agency's final decision. Easley appeals contending that the trial court erred in dismissing Easley's complaint as untimely.

## FACTS

¶3. Easley is an inmate legally incarcerated within the MDOC. On May 7, 2002, he was placed in solitary confinement for an assault of a correctional officer and alleged gang affiliations. Easley received a Third Step Response from MDOC's Administrative Remedies Program on March 25, 2003, and pursuant to Miss. Code Ann. § 47-5-807 (Rev. 2000) had thirty days to seek judicial review in the circuit court. Easley's Certificate of Service, which was attached to the Motion to Show Cause was dated April 22, 2003, within the 30-day period of the statute. An Affidavit of Poverty attached to the motion, was notarized on that same date. However, the motion was stamped filed in the Circuit Court of Sunflower County on May 5, 2003, outside the 30-day period.

## ANALYSIS

### WHETHER THE TRIAL COURT ERRED IN DISMISSING EASLEY'S COMPLAINT AS UNTIMELY.

¶4. The controlling issue is whether Easley's complaint was untimely dismissed by the circuit court. Appellees (MDOC) rely on the Court of Appeals' decision in *Maze v. Mississippi Department of Corrections*, 854 So.2d 1090 (Miss. Ct. 2003), which extended the "prison mailbox rule" to civil filings by pro se prisoners seeking judicial review. The result being that a pro se pleading is considered "filed" when mailed by the inmate and not when it is received by the circuit clerk. The *Maze* court relied on this Court's decision in *Sykes v. State*, 757 So.2d 997 (Miss. 2000), which adopted the "mailbox rule" for purposes of finding that a pro se motion for post-conviction relief was timely "filed" when mailed by the inmate. *Id.* at 1000.

¶5. The Court of Appeals noted in *Maze* that the mailbox rule has only been applied in post-conviction relief cases. However, the Court of Appeals concluded that there is no reason why the rule should not apply in the context of a civil filing by a pro se prisoner seeking judicial review. The Court of Appeals offered this Court's reasoning in *Sykes* to rationalize the expansion of this rule. *Maze*, 854 So. 2d at 1092. This Court stated that "*pro se* prisoners would be subject to more disadvantages than are reasonably necessary in the administration of the criminal justice system" if such a rule is not applied. *Sykes v. State,* 757 So.2d at 1000. This Court further stated, "Unlike others, the pro se prisoner cannot personally deliver his papers to the court. He will likewise be without access to a fax machine and other means of rapid delivery to our 'always open' courts." *Id.* We agree that the Court of Appeals correctly applied the mailbox rule adopted in *Sykes*.

¶6. Easley filed his "Motion to Show Cause" seeking judicial review within the 30 day period set forth in Miss. Code Ann. § 47-5-807. However, the motion was stamped filed outside of the 30 day period. There is nothing in the record conclusively showing on what date Easley's motion was submitted for mailing. Furthermore, the Court in *Gatson v. State* 817 So.2d 613, 615-16 (Miss. Ct. App. 2002), held that neither an inmate's certificate of service nor a notary stamp is sufficient as proof of the date mailed and that a prison mail log of legal mail is a more reliable source of the date of delivery. Therefore, because the record fails to establish when Easley's motion was submitted for mailing, we must vacate the judgment below and remand this case to the circuit court for proceedings consistent with *Sykes* and *Maze*.

## CONCLUSION

¶7.	For these reasons, we vacate the circuit court's judgment, and we remand this case to the circuit court for proceedings consistent with *Sykes* and *Maze* to determine whether Easley submitted his complaint for mailing within 30 days after receipt of the agency's final decision.

¶8.	**VACATED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**