IRVING, J., for the Court:
 

 ¶ 1. Charlie Taylor, an inmate in the custody of the Mississippi Department of Corrections (MDOC), filed a “Motion to Show Cause” in the Sunflower County Circuit Court, alleging that the MDOC and David Petrie, an MDOC adjudicator, had denied several of his rights and that he had suffered cruel and unusual punishment while in the MDOC’s custody. After a series of motions and hearings, the circuit court dismissed Taylor’s petition, finding that he had failed to exhaust his administrative remedies with the MDOC. Feeling aggrieved, Taylor appeals and asserts that: (1) he was prevented from exhausting his MDOC administrative remedies; (2) he stated a claim to the circuit court upon which relief could have been granted; (3) he was denied his right to appeal a September order that stayed proceedings; (4) the MDOC retaliated against him for attempting to litigate his grievances; (5) he was denied access to the courts to litigate his grievances; (6) he was denied his right
 
 *726
 
 to appeal and seek judicial review of a rule-violation report (RVR); (7) he should have been granted summary judgment; and (8) the circuit judge should have re-cused himself from Taylor’s case.
 

 ¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. Taylor is currently incarcerated at the Mississippi State Penitentiary. On July 15, 2008, Taylor filed a motion to show cause with the circuit court, in which he claimed that the MDOC had violated several of his rights. In the motion, Taylor specifically asserted that he had exhausted all of his administrative remedies, that his inmate financial account was being embezzled by the MDOC staff, that the MDOC’s housing decisions regarding him were retaliatory in nature, that he was being treated by the MDOC staff with “deliberate indifference to his serious medical needs,” and that he was being denied access to the courts and his right to worship as he chose while incarcerated. Specifically, Taylor alleged that in June 2006, he was sexually assaulted during a search and then denied his right to Kairos religious services. As to his embezzlement claim, Taylor claimed that MDOC employees continued to withdraw funds from his account after his status as a pauper was terminated. Regarding his medical needs, Taylor claimed that he was being “denied his adequate 3,000 calories diet[,] with snack bag[,] by prison security staff....” As to his claim that he had been denied access to the courts to litigate his grievances, Taylor stated that he was “being denied effective access to the Courts by MDOC law libraries and staff of MDOC law libraries for the purpose of sabatoging [sic] civil and criminal actions ... to reduce lawsuits and to hold prisoners unlawfully and unconstitutionally in prison.... ”
 

 ¶ 4. A variety of documents were attached to Taylor’s motion and are included in the record before us. On August 4, 2006, the MDOC sent a letter to Taylor, informing him that his sexual-harassment complaint arising from the Kairos worship incident had been accepted but was “being set aside for handling in due course,” due to the fact that he had another request that was still under review. In a letter dated September 6, 2006, a legal-claims adjudicator sent a letter to Taylor, indicating that his Kairos worship complaint was being returned unfiled because Taylor already had ten complaints outstanding; the letter stated that “[o]nly a maximum of ten requests is [sic] allowed to be logged at a time.” An April 1, 2008, letter stated that Taylor’s complaint # 07-3679, which related to the sexual harassment of Taylor by a certain guard, was being denied because it was not timely submitted. The second-step resolution of the complaint further indicated that the complaint was moot because the guard in question no longer worked for the MDOC. A series of letters indicate that Taylor attempted to contact the Federal Bureau of Investigations regarding his allegations of embezzlement, but the Bureau found that “the matters such as [those that Taylor had] alleged are administrative functions of the Mississippi Department of Corrections (MDOC).” The letter suggested that Taylor contact the MDOC in regard to his allegations.
 

 ¶ 5. The record before us shows that Taylor’s sexual-harassment claim was rejected at the third step because his third-step filing was untimely. Specifically, Taylor had five days from the date of the receipt of the decision at the second-step level to file his third-step grievance with .the MDOC; however, as indicated by the postmark date, the filing occurred several days beyond the fifth day. Taylor contends that he gave the documentation to MDOC
 
 *727
 
 staff in a timely manner but that they did not mail it when it was given to them. No documentation in the record either supports or refutes this allegation.
 

 ¶ 6. Regarding the other claims that Taylor has made — including embezzlement, denial of worship services, and the lack of a proper diet — the record is silent as to whether he has pursued his administrative remedies as to each of them.
 

 ¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 8. We will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is “unsupported by substantial evidence[,] arbitrary or capricious[,] beyond the agency’s scope or powers[,] or violative of the constitutional or statutory rights of the aggrieved party.”
 
 Edwards v. Booker,
 
 796 So.2d 991, 994 (¶ 10) (Miss.2001) (quoting
 
 Miss. State Bd. of Pub. Accountancy v. Gray,
 
 674 So.2d 1251, 1253 (Miss.1996)).
 

 1. Prevention of Exhaustion
 

 ¶ 9. In his first contention of error, Taylor alleges that he was prevented from exhausting his administrative remedies. Specifically, Taylor claims that he “was not allowed to exhaust the two sensitive issue grievances on denial of state issue [sic] clothing and denial of Kairos worship services.” It is apparent from the record before us that Taylor has not properly utilized the sensitive-issue procedures that are allowed by the MDOC. The MDOC’s guidelines allow an inmate to file a grievance as a sensitive issue, provided that the inmate can show some reason why the grievance cannot be filed as a normal complaint. The MDOC must agree to let the inmate submit the issue as a sensitive-issue filing. In his sensitive-issue filings, including those regarding Kairos worship and state-issued clothing, Taylor made no statement as to why the complaints had to be filed as sensitive issues. The MDOC did not treat the filings as sensitive issues. We find nothing wrong with the MDOC’s treatment of Taylor’s attempts at sensitive-issue filings.
 

 ¶ 10. Taylor also contends that he timely submitted his third-step filing regarding his sexual-harassment claim but that the prison officials did not timely mail the documents. In some situations, Mississippi appellate courts have applied a prison-mailbox rule, which generally states that an inmate’s court filings are considered as having been delivered for filing when the inmate relinquishes the documents to prison officials to be mailed.
 
 Sykes v. State,
 
 757 So.2d 997, 1001 (¶ 14) (Miss.2000). However, we have found no case that has applied the prison-mailbox rule to internal MDOC administrative remedies. We decline to expand the application of the prison-mailbox rule. The postmark on Taylor’s third-step filing clearly shows that it was mailed untimely, and Taylor has presented no evidence to show that the MDOC officials interfered with his ability to timely mail his third-step document.
 

 ¶ 11. This contention of error is without merit.
 

 2. The Dismissal of Taylor’s Petition
 

 ¶ 12. In his second contention of error, Taylor claims that the circuit court erred in finding that he failed to state a claim upon which relief could be granted. The circuit court based its decision on Taylor’s failure to exhaust his administrative remedies. An inmate must exhaust all of his internal remedies with the MDOC before seeking judicial review of any com
 
 *728
 
 plaint.
 
 Edwards,
 
 796 So.2d at 996 (¶¶ 22-23).
 

 ¶ 13. The record before us shows that the circuit court was correct in concluding that Taylor has failed to exhaust his administrative remedies. There is little to no evidence of even partial exhaustion regarding most of Taylor’s claims. The only claim that the record shows was fully pursued is the complaint regarding Taylor’s allegations of sexual harassment. As we have already discussed, Taylor did not timely file his third-step complaint regarding that claim. There is no evidence in the record before us that Taylor has successfully exhausted his administrative remedies regarding any of his complaints.
 

 ¶ 14. This contention of error is without merit.
 

 3. Right to Appeal the September Stay
 

 ¶ 15. On September 3, 2008, the circuit court stayed proceedings in Taylor’s case for ninety days to allow Taylor time to exhaust his administrative remedies. Taylor thereafter attempted to appeal the circuit court’s ninety-day stay. His appeal in that matter was dismissed by the Mississippi Supreme Court on December 16, 2008, for failure to fully pay the costs of the appeal. At that time, the ninety-day stay had expired. Taylor has presented no evidence showing that our supreme court’s dismissal of his appeal was in error. Furthermore, as correctly noted by the State, Taylor’s appeal was interlocutory in nature; pursuant to Rule 5 of the Mississippi Rules of Appellate Procedure, Taylor was required to obtain the permission of the Clerk of the Mississippi Supreme Court in order to file an interlocutory appeal. No such permission was requested or granted.
 

 ¶ 16. This contention of error is also without merit.
 

 A
 
 Retaliation
 

 ¶ 17. Taylor next contends that he was subjected to retaliation by the MDOC’s staff. Any claim regarding retaliation has not been administratively exhausted and is, therefore, not subject to judicial review.
 

 ¶ 18. This contention of error is without merit.
 

 5. Access to the Courts
 

 ¶ 19. Taylor alleges that he has been denied his constitutional right to access the courts. As we appreciate Taylor’s argument, his primary complaint in this regard is that prison officials failed to adequately help him with his complaints. As already discussed, Taylor has presented no evidence to show that prison staff prevented him from timely filing his third-step complaint regarding his sexual-harassment claim. Taylor has failed to exhaust his administrative remedies regarding any other claims.
 

 ¶ 20. This contention of error is without merit.
 

 6. RVR Appeal
 

 ¶ 21. Taylor complains that he was denied his right to appeal an RVR that was filed against him. Taylor has failed to provide any evidence showing that the MDOC staff interfered with his ability to pursue his administrative remedies regarding this complaint. Since Taylor has not exhausted his administrative remedies regarding this issue, he is not entitled to judicial review of the same.
 

 ¶ 22. This contention of error is without merit.
 

 7. Summary Judgment
 

 ¶ 23. Taylor next contends that the circuit court erred in not granting him summary judgment on his claims. As already
 
 *729
 
 discussed, Taylor is not entitled to relief due to his failure to exhaust his administrative remedies. Therefore, the circuit court did not err in denying Taylor’s motion for summary judgment.
 

 ¶ 24. This contention of error is also without merit.
 

 8. Recusal
 

 ¶ 25. Finally, Taylor claims that Circuit Court Judge Ashley Hines erred when he declined to recuse from Taylor’s case. Taylor’s claims regarding recusal appear to be based on the fact that Judge Hines had denied several of Taylor’s motions in the course of the proceedings. Taylor has provided no other evidence of any possible bias, other than to state that it “is very clear that Judge Hines intentionally engaged in conduct that interfered with Taylor exercising his eonstitutional-lyHproteeted right to institute the original complaint” and to state in his reply brief that there is bias or prejudice “from an extra-judicial source.” It is unclear exactly what extra-judicial source that Taylor is referring to. Having reviewed the record, we find no evidence that Judge Hines was biased or was otherwise unfit to preside over Taylor’s case.
 

 ¶ 26. This contention of error is without merit.
 

 ¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.