MYERS, J.,
for the Court:
¶ 1. Timothy M. Griffin, an inmate with the Mississippi Department of Corrections (MDOC), petitioned the Rankin County Circuit Court for judicial review of a decision rendered by the MDOC through its Administrative Remedy Program (ARP). The circuit court dismissed Griffin’s petition as untimely filed. On appeal, we vacate the circuit court’s judgment and remand the case to the circuit court for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 28, 2000, while serving a non-mandatory three-year sentence for receiving stolen property, Griffin pleaded guilty in the Rankin County Circuit Court to attempted armed robbery and burglary of dwelling house. The circuit court sentenced Griffin to twenty-years in the MDOC for each offense, with both sentences to run concurrently with each other and consecutively to the three-year sentence Griffin was already serving.
¶ 3. Griffin thereafter initiated a grievance through the MDOC’s ARP, contending that only the first ten years of his attempted armed-robbery sentence should be treated as mandatory, and he was entitled to earned time. Griffin received a final decision from the ARP which held that the sentence he received for the armed-robbery conviction was mandatory in its entirety and that he is not eligible for parole or earned time. Griffin acknowledged receipt for the “Third Step Response” and “Certificate of Completion” on August 20, 2009.
¶ 4. Griffin initially sought judicial review of the ARP decision in the Circuit Court of Sunflower County, Mississippi. His petition was stamped filed on September 28, 2009. Griffin’s petition and affidavit of poverty were both notarized on September 21, 2009.
¶ 5. The Sunflower County Circuit Court entered an order on October 28, 2009, transferring the case to the Rankin County Circuit Court. On that same date, the State filed a response on behalf of MDOC Commissioner Christopher Epps and the MDOC, asserting that Griffin had failed to *1220 state a claim upon which relief could be granted because the statutory law controls sentence computation, and pursuant to the applicable statute, Griffin’s twenty-year sentence for attempted armed robbery was not eligible for parole or earned time.
¶6. The Rankin County Circuit Court entered an order dismissing Griffin’s petition as untimely filed. On its own, the circuit court found that Griffin had failed to comply with Mississippi Code Annotated section 47-5-807 (Rev.2004), which provides: “Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure ... may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.” According to the circuit court, when Griffin filed his petition in the Sunflower County Circuit Court on September 28, thirty-nine days had passed from when Griffin acknowledged receipt of the final ARP response.
¶ 7. Griffin appeals the Rankin County Circuit Court’s decision. Griffin contends that he submitted his petition to prison officials for mailing within the thirty-day period set forth by statute; thus, the prison mailbox rule should apply. In response, the State acknowledges that the record is insufficient to determine whether or not the circuit court properly dismissed Griffin’s petition as untimely filed. Both parties ask this Court to vacate the court’s judgment and remand the case to the court to determine whether Griffin submitted his petition for mailing within the thirty-day period allowed by statute.
DISCUSSION
¶ 8. In Maze v. Mississippi Department of Corrections, 854 So.2d 1090, 1092 (¶ 8) (Miss.Ct.App.2003), this Court extended the “prison mailbox rule” to civil filings by pro se prisoners seeking judicial review of administrative decisions. In Easley v. Roach, 879 So.2d 1041, 1042 (¶ 4) (Miss. 2004), the Mississippi Supreme Court agreed with this Court’s decision in Maze and held that “a pro se pleading is considered ‘filed’ when mailed by the inmate and not when it is received by the circuit clerk.” The Easley court further held that “neither an inmate’s certificate of service nor a notary stamp is sufficient as proof of the date mailed and that a prison mail log of legal mail is a more reliable source of the date of delivery.” Easley, 879 So.2d at 1043 (¶ 6) (citing Gaston v. State, 817 So.2d 613, 615-16 (¶ 5) (Miss.Ct.App.2002)). Finding no conclusive showing in the record of what date Arthur Easley submitted his petition to prison officials for mailing to the circuit clerk’s office, the supreme court vacated the circuit court’s order dismissing the petition as untimely filed and remanded the case to the circuit court to determine whether Easley had submitted his petition for mailing within thirty days after receipt of the MDOC’s final administrative decision. Id. at (¶¶ 6-7).
¶ 9. Similarly, all we have in the record in support of Griffin’s assertion that he timely submitted his petition for mailing are the notary stamps contained on Griffin’s petition and his affidavit of poverty. This is insufficient evidence. Id. at (¶ 6). Accordingly, we reverse the circuit court’s judgment and remand this case to the circuit court for proceedings consistent with Easley to determine whether Griffin submitted his petition for mailing within thirty days after his receipt of the agency’s final decision.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS *1221 AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.