# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00087-COA

**DENNIS JOBE A/K/A DENNIS JAMES JOBE JR.**         **APPELLANT**
**A/K/A DENNIS JOBE JR. A/K/A DENNIS J.**
**JOBE JR. A/K/A DENNIS JAMES JOBE**

**v.**

**STATE OF MISSISSIPPI, MISSISSIPPI**            **APPELLEES**
**DEPARTMENT OF CORRECTIONS AND**
**EARNEST LEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/16/2018 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DENNIS JOBE (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED AND REMANDED - 07/30/2019 |
| MOTION FOR REHEARING FILED: | 08/15/2019 - DENIED; AFFIRMED AND REMANDED - 12/17/2019 |
| MANDATE ISSUED: | |

    **EN BANC.**

    **McDONALD, J., FOR THE COURT:**

### MODIFIED OPINION ON MOTION FOR REHEARING

¶1. The motion for rehearing is denied. The original opinion is withdrawn, and this modified opinion is substituted in its place.

¶2. Dennis Jobe (Jobe) appeals two circuit court orders concerning his complaints of facility conditions and deprivation of medical treatment by the Mississippi Department of Corrections (MDOC). The Mississippi Supreme Court has held that these orders are final

and appealable and that Jobe's appeal to this Court was timely filed. After reviewing the circuit court opinions, we affirm them but also remand for further action given the circumstances.

## FACTS AND PROCEDURAL HISTORY

¶3.    Jobe is incarcerated at the Mississippi State Penitentiary where he is serving a nine-year sentence for possession of marijuana with intent to distribute and a concurrent twenty-year sentence for aggravated assault.

¶4.    Jobe served in the military until 1990. As a veteran, he was entitled to and received treatment at the Veterans Administration Medical Center prior to his incarceration. He alleges that he contracted Hepatitis-C there. Jobe contends that the Veterans Administration will not treat him because they do not treat inmates.

### 1.    *Requests for Medical Treatment with Harvoni*

¶5.    After Jobe's conviction and incarceration, Harvoni, a new treatment for Hepatitis-C, became available in 2014. When he learned about Harvoni, Jobe began requesting the treatment. Jobe made an initial request to MDOC's medical contractor, Health Assurance, on May 13, 2015. It responded that it did not have the authority to make that decision and it would refer the request to MDOC.

¶6.    After hearing nothing about the "referral," Jobe sent his first request to MDOC for Harvoni on October 6, 2015. From the forms in the record, it appears that MDOC had thirty days to reply; Jobe received his response from MDOC eighty-six days later on December 27, 2015. In that response, MDOC replied: "Harvoni is not yet on our Pharmacy formulary. It

2

is however being evaluated by executive officials. If and when its use is approved at this facility, we will begin arranging to evaluate eligible patients."

¶7. Jobe appealed this decision on January 26, 2016. He explained that the response was late due to the holidays and because the personnel from the Inmate Legal Assistance Program did not come to pick up the mail. MDOC's response was quick this time. On January 29, it sent Jobe a letter denying his appeal as untimely.

¶8. Nearly eight months later, Jobe made a second request for Harvoni in an August 8, 2016 Administrative Remedy Program (ARP) filing. It should be noted that MDOC had not denied Jobe the treatment previously; it merely said the Harvoni treatment was under evaluation. Thus, Jobe initiated his request again. MDOC responded on August 15, 2016, saying that it had received Jobe's request but because he had made a previous request on the matter which was closed, he could not make the request again. MDOC specifically said: "Therefore, since this matter has already been accepted and closed, this particular request is being returned to you and will not be processed."

¶9. Whether an appeal of this decision or a further request, Jobe submitted another request on September 28, 2016. On October 3, 2016, Jobe received MDOC's response, which said the same thing as the August 15 response, namely, that MDOC would not process any further requests on this matter.

2. *Judicial Review*

¶10. Within the thirty-day deadline, on October 28, 2016, Jobe began his appeal to the Circuit Court of Sunflower County. He filed a motion in the circuit court for an extension

of time within which to prepare his motion for judicial review. He certified that he had mailed a copy of this motion to MDOC's attorneys. He then completed his motion for judicial review, and it is undisputed that he dropped it in the prison mailbox on November 2, 2016. The clerk received it and filed it on November 9, 2016.

¶11. Thereafter, on November 22, 2016, MDOC filed a motion to quash the summons based on lack of personal jurisdiction over MDOC because of improper service of process (i.e., Jobe had failed to have the Attorney General served with process). MDOC also filed a motion to dismiss on the same grounds. It also argued that the case was frivolous; that the statute of limitations had expired; and that MDOC was immune from suit based on Mississippi Code Annotated section 11-46-9 (Rev. 2012). MDOC also filed an answer to Jobe's petition.

¶12. On November 25, 2016, Jobe responded to MDOC's answer in the circuit court. In the "Relief" request, Jobe raised for the first time that he had been deprived of outside exercise. Thereafter, on March 14, 2017, Jobe filed a "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" in which he sought relief on the same Harvoni treatment issue but also raised for the first time MDOC's failure to provide him with an MRI for a back problem and being subjected to group punishment.[1]

¶13. On March 16, 2018, the Sunflower County Circuit Court issued two orders. The court denied the "Motion for Temporary Restraining Order" concerning medical treatment for

---

[1] The record shows that on October 14, 2014, Jobe filed a medical request for a back problem. MDOC's medical provider responded on April 4, 2015, with an examination showing Jobe had full range of motion but said they planned to get him an MRI. Jobe made no further internal appeal of MDOC's alleged failure, if any, to provide him that test.

4

Jobe's back problem, denial of exercise time, and subjection to group punishment because Jobe had failed to exhaust his internal remedies on these issues. Because of this failure to exhaust, the circuit court found it had no jurisdiction and denied the motion. In that same order, the court found Jobe had exhausted his administrative remedy on the Harvoni request, but because MDOC had taken steps to have him evaluated for Harvoni treatment, the court felt a request for restraining order was moot.

¶14.   In a separate order concerning Jobe's request for Harvoni, the circuit court stated:

> MDOC determined that Harvoni was not on its pharmacy formulary; but was being evaluated for approval at the facility and if approved, Petitioner's eligibility for treatment would be evaluated. The Court cannot simply order that Petitioner receive Harvoni. Whether Petitioner is a candidate for treatment of Hepatitis C with Harvoni is a medical determination to be made by a gastroenterology (GI) specialist. According to MDOC's Health Service Administrator, Petitioner is being followed in Chronic Clinic for Hepatitis C with monitoring of labs and has been offered the Hepatitis A and B vaccines. He was last seen on February 13, 2018. MDOC's Office of Medical Compliance has requested an appointment with a GI specialist who will determine if Petitioner is eligible for Harvoni treatment and make a recommendation to the MDOC Medical Director for approval.
>
> . . . .
>
> **MDOC shall provide Petitioner and the Court an update of the GI specialist's recommendation and MDOC's final decision regarding Petitioner's Hepatitis C treatment with Harvoni.**

(Emphasis added).

¶15.   Jobe appealed the circuit court's orders to this Court. The supreme court found his appeal to be timely and also held that the circuit court orders were appealable.

¶16.   Both Jobe and MDOC filed briefs with this Court. Oddly, the State's brief, filed on October 26, 2018, included the results of Jobe's medical evaluation with a GI doctor on

September 26, 2018. The State also reported that Jobe has had preliminary lab work and a follow-up appointment with a GI specialist to determine the best course of treatment. Further, additional laboratory tests the GI specialist requested have allegedly been completed for the follow-up appointment. The State indicated that the GI specialist gave "no opinion" regarding liver damage or the necessity for treatment but said additional laboratory testing results were pending. The State also said that the recommendations of the specialist will be followed by MDOC and Centurion, the prison's current medical contractor. Finally, the State said that the Office of Medical Compliance has now approved every request for Harvoni Hepatitis-C treatment received from medical specialists.

¶17. From Jobe's filings with this Court it is clear that he was not provided with this critical update information. Nor has the State shown that this information has been provided to the circuit court as ordered.

**STANDARD OF REVIEW**

¶18. This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts. *Brady v. Hollins*, 192 So. 3d 1066, 1068 (¶4) (Miss. Ct. App. 2016). We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action. *Id.* The court examines "whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id*. Whether the

6

circuit court has jurisdiction is a question of law and is reviewed de novo. *Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 765-66 (¶6) (Miss. Ct. App. 2011).

> **I.      The circuit court had jurisdiction to hear Jobe's petition for judicial review of his Harvoni request.**

¶19.    The circuit court did have jurisdiction of this issue because this was an ARP review and not a "regular civil filing," and no service of process should be required. Moreover, Jobe timely filed his appeal under the mailbox rule.

> *A.      Service of Process*

¶20.    The statute concerning the right of judicial review of prisoner's requests/complaints to MDOC, Mississippi Code Annotated section 47-5-807 (Rev. 2015), reads:

> Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.

The statute is silent as to the procedure for seeking that judicial review, but it is clearly the last step in the ARP. It is not a "new filing" or a new lawsuit that would require service of process on MDOC (or the Attorney General for MDOC). Rather, as the final step in the administrative procedure outlined by the statute, no more than notice to MDOC of the intent to appeal should be required.

¶21.    The situation is similar to the filing of an appeal by a terminated public school teacher or an appeal from justice to county court. Mississippi Code Annotated section 37-9-113(1) (Rev. 2019), also reads that "[a]ny employee aggrieved by a final decision of the school board is entitled to judicial review thereof . . . ." The appeal must be timely made and filed

in the chancery court along with payment of the fees specified in the statute. *Id.* § 37-9-113(2). In such cases, no service of process on the school district is required; all that is needed is notification to the board of the employee's intent to appeal. *See id.* Similarly, an appeal from justice court to county or circuit court, or from a state agency to a circuit court, requires only the filing of a notice of appeal. UCRCCC 5.02, 5.04. New service of process in the appellate court is not required, even though trial there would be de novo.

¶22. In arguing that service of process is required in ARP appeals to a circuit court, the State relies on this Court's decisions in *Cratin v. Fisher*, 235 So. 3d 1434 (Miss. Ct. App. 2017), and *McClurg v. State*, 870 So. 2d 681 (Miss. Ct. App. 2004). These decisions are distinguishable. In *Cratin*, the prisoner had made an administrative request for recalculation of his earned time, saying that the method used by MDOC violated state statutory law. *Id.* at 1435 (¶3). The last denial by MDOC was issued June 15, 2016. *Id.* at 1436 (¶4). Cratin then wrote a letter to the commissioner which was rejected on July 20. *Id.* Thereafter, on September 23, 2016, Cratin filed a "Complaint" against MDOC in Hinds County Circuit Court. *Id.* It was unclear to the circuit court whether this was a regular civil suit or a judicial review under the ARP, and it made no determination of which it was or if it had jurisdiction. *Id.* at 1436 (¶5). In case it did, the circuit court found that the MDOC policy at issue did not violate any statute and affirmed MDOC's decision. *Id.* On appeal, this Court made no determination about whether Cratin's filing was a regular civil suit or a judicial review under the ARP. But its holding covered both possibilities: First, it required service of process, *id.* at 1436 (¶8), which would apply if the case were a regular civil filing. Cratin had filed his

8

pleading outside of the county where he was housed. *Id.* at 1435 (¶2) and at 1436 (¶4). Therefore, the only type of case in which the Hinds County Circuit Court would have jurisdiction would be in a new civil case.[2] In such a case, service of process would be required. Second, if considered a judicial review under the ARP, this Court found that the appeal was untimely because it was not filed within thirty days of MDOC's July 20, 2016 final decision. *Id*. at (¶9).

¶23. It is incorrect to read *Cratin* to require service of process in a judicial review under the ARP when the statute itself is silent on the procedure for the filing of an appeal. Prisoners are usually indigent and not represented by counsel in such actions. To burden them with first having to know that service of process of an appeal is necessary and then effecting such service of process from the confines of prison is onerous and burdensome and amounts to a denial of the prisoner's right to access to the courts.

¶24. Likewise, *McClurg* is inapplicable because the action filed by the plaintiff/prisoner was a new lawsuit—an action for violation of his constitutional right to equal protection under the federal Fourteenth Amendment—not an appeal of an administrative decision. *McClurg*, 870 So. 2d at 682 (¶4). Rather, as this Court pointed out, it "was a regular civil suit." *Id.* Accordingly, the proper parties needed to be named and served with process. *Id.*

---

[2] Because Cratin was housed in Issaquena County, any ARP appeal should have been filed in that county, not Hinds County. *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2015). Therefore, if Cratin's case was an ARP appeal, the Hinds County Circuit Court would not have jurisdiction. But it would have jurisdiction of an original complaint because MDOC is a state agency, and jurisdiction lays in the county in which the seat of government is located. *Moore v. Bell Chevrolet-Pontiac-Buick-GMC LLC*, 864 So. 2d 939, 945 (¶23) (Miss. 2004).

¶25. Today we clarify that there is no requirement of service of process when a prisoner files a petition for review of an ARP decision in circuit court. Uniform Civil Rule of Circuit and County Court Practice 5.02 states that "[t]he time and manner for the perfecting of appeals from lower authorities shall be as provided by statute." As stated, the statute controlling petitions for judicial review of ARP decisions, section 47-5-807, is silent on the issue of service of process. Because no statute specifies the manner for ARP appeals, we find that the provisions in Uniform Civil Rule of Circuit and County Court Practice 5.04 for appealing a decision of a "lower court or lower authority," such as an administrative agency, to circuit court apply. Rule 5.04 requires only a notice of appeal and certificate of service when an appeal is taken from a lower authority.

¶26. Thus, to appeal an ARP decision to circuit court, a prisoner must, within thirty days of receiving the ARP decision, submit for mailing "a written notice of appeal" to the circuit court clerk accompanied by a certificate of service and provide "[a] copy of that notice . . . to all parties or their attorneys of record and the . . . lower authority whose order or judgment is being appealed." UCRCCC 5.04; *see also* Miss. Code Ann. § 47-5-807 (stating that an offender "may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision"); *Clay v. Epps*, 953 So. 2d 264, 265 (¶¶5-6) (Miss. Ct. App. 2007) (stating that "[a] prisoner satisfies [section 47-5-807] if he submits his [petition for review] for mailing with the prison officials within this time period"). To the extent that this Court has issued a decision that may be interpreted as requiring service of process under Rule 4(h) in an ARP appeal to circuit court, it is overruled. *See Willis v. Westley*, 243 So. 3d 805,

10

808 (¶14) (Miss. Ct. App. 2018); *Whitlock v. Ladner*, 228 So. 3d 306, 309 (¶¶11-13) (Miss. Ct. App. 2017).

¶27. Jobe's petition for review was governed by Rule 5.04 and not Mississippi Rule of Civil Procedure 4 because the petition for review was not a "regular civil filing" that required service of process under the rules of civil procedure. No service of process was required, and the circuit court had personal jurisdiction over MDOC.

### B. Timeliness

¶28. Jobe received MDOC's denial of his last request on October 3, 2016. He mailed the motion for judicial review of November 2, 2016. It was not received by the clerk or stamped filed until November 9, 2016. In *Maze v. Mississippi Department of Corrections*, 854 So. 2d 1090, 1092 (¶8) (Miss. Ct. App. 2003), this Court extended the "prison mailbox rule" to civil filings by pro se prisoners seeking judicial review of administrative decisions. The supreme court agreed in *Easley v. Roach*, 879 So. 2d 1041 (Miss. 2004), and held that "a pro se pleading is considered 'filed' when mailed by the inmate and not when it is received by the circuit clerk." *Id*. at 1042 (¶4); *see also Griffin v. Epps*, 58 So. 3d 1218, 1220 (¶8) (Miss. Ct. App. 2011). Here, even MDOC agrees that Jobe dropped his motion for judicial review in the prison mailbox on November 2, 2016, which is within the thirty-day appeal deadline. Thus, Jobe sought his judicial review within the thirty days required by the statute, and the circuit court had jurisdiction to consider it.

### II. The circuit court did not err in its rulings on exhaustion of remedies.

¶29. The circuit court correctly held that Jobe did not exhaust his administrative remedies

11

with regard to his request for treatment of his back pain, the denial of yard privileges, and the imposition of group punishment. We have consistently held that "[a]n inmate must exhaust all of his internal remedies with the MDOC before seeking judicial review of any complaint." *Hearron v. Miss. Dep't of Corr.*, 166 So. 3d 53, 55 (¶6) (Miss. Ct. App. 2015) (quoting *Taylor v. Petrie*, 41 So. 3d 724, 727-28 (¶12) (Miss. Ct. App. 2010)). Jobe did not pursue his complaints about these issues, and we affirm the circuit court's ruling refusing to grant any relief on those matters.

### III. The circuit court did not err in its rulings on Jobe's Harvoni request.

¶30. After correctly finding that Jobe exhausted his administrative remedies on his Harvoni request, the circuit court proceeded to the merits of Jobe's appeal. MDOC repeatedly told Jobe that Harvoni was not in the roster of approved treatments but that it was being evaluated, and, if approved, he would be evaluated. While the motion for judicial review was pending, MDOC told the circuit court the same thing, leading the circuit court to rule:

> MDOC determined that Harvoni was not on its pharmacy formulary; but was being evaluated for approval at the facility and if approved, Petitioner's eligibility for treatment would be evaluated. The Court cannot simply order that Petitioner receive Harvoni. Whether Petitioner is a candidate for treatment of Hepatitis C with Harvoni is a medical determination to be made by a gastroenterology (GI) specialist. According to MDOC's Health Service Administrator, Petitioner is being followed in Chronic Clinic for Hepatitis C with monitoring of labs and has been offered the Hepatitis A and B vaccines. He was last seen on February 13, 2018. MDOC's Office of Medical Compliance has requested an appointment with a GI specialist who will determine if Petitioner is eligible for Harvoni treatment and make a recommendation to the MDOC Medical Director for approval.
>
> Thus, Petitioner has not established that the decision of MDOC to delay his request for Harvoni until completion of the evaluative process is unsupported

12

by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or in violation of his constitutional or statutory rights. MDOC shall provide Petitioner and the Court an update of the GI specialist's recommendation and MDOC's final decision regarding Petitioner's Hepatitis C treatment with Harvoni.

¶31. The circuit court did not exceed its authority and conducted the proper analysis in reviewing Jobe's administrative complaint. At the time the matter was reviewed by the circuit court (March 2018), there was evidence that MDOC was withholding Harvoni from Jobe but not arbitrarily or capriciously. Indeed, at that time, no one was being given Harvoni as shown by MDOC's response to Jobe's request: "Harvoni is not yet on our Pharmacy formulary [. . . .] It is however being evaluated by executive officials. If and when its use is approved at this facility, we will begin arranging to evaluate eligible patients." Nor could Jobe show that he was being denied a constitutional right to medical treatment, especially since MDOC represented to the circuit court that it was treating Jobe's other conditions and had requested an evaluation for him by a GI specialist. According to the record and as noted by the circuit court, MDOC had not made a final decision as to whether it will *deny* Jobe the Harvoni treatment; the court simply ruled that MDOC's *delay* was not arbitrary or capricious, beyond the agency's scope, or in violation of Jobe's constitutional rights. The circuit court specifically said it was dealing with MDOC's response to Jobe as a "delay" in care rather than a "denial" of care, saying, "Petitioner has not established that the decision of MDOC to delay his requires for Harvoni until completion of the evaluative process is unsupported by substantial evidence . . . ."

¶32. Although the circuit court correctly denied Jobe's motion concerning the *delay* in

13

MDOC's providing treatment, it is clear that the circuit court itself viewed MDOC's decision as interim and anticipated MDOC would take further action and make a final decision about whether Jobe would be *denied* the Harvoni. Thus, the court ordered:

> MDOC shall provide Petitioner and the Court an update of the GI specialist's recommendation and MDOC's final decision regarding Petitioner's Hepatitis C treatment with Harvoni.

¶33. Significant events have occurred since the matter was before the circuit court. According to the State's brief, an initial evaluation of Jobe has been done, and the GI specialist had "no opinion." Also, it appears that MDOC has now approved Harvoni and is giving it to prisoner patients. The circuit court should be given the opportunity to review this new evidence and issue a final order.

## CONCLUSION

¶34. For the above reasons, we affirm the circuit court's orders. The Mississippi Supreme Court held that Jobe's appeal to this Court was timely filed and that the circuit court's orders were appealable.[3] We hold that the circuit court did not err in determining that Jobe did not exhaust his administrative remedies with regard to his request for treatment of his back pain, the denial of yard privileges, and the imposition of group punishment. Nor did the circuit court err in finding that MDOC had not acted arbitrarily and dismissing Jobe's complaint of delayed Harvoni treatment. We remand the matter to the circuit court for it to receive the update of the GI specialist's recommendation and review MDOC's final decision regarding Jobe's requested Hepatitis-C treatment with Harvoni.

---

[3] Order, No. 2018-TS-00087-SCT, at 1-2 (Miss. July 30, 2018).

14

¶35.   **AFFIRMED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**