# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-01582-SCT

*LARRY CHAPIN HESLER, II*

*v.*

*ALCORN COUNTY CORRECTIONAL FACILITY*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                        09/16/2019
TRIAL JUDGE:                             HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:               ALCORN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                  LARRY CHAPIN HESLER, II (PRO SE)
ATTORNEY FOR APPELLEE:                   WILLIAM HULL DAVIS, JR.
NATURE OF THE CASE:                      CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                             REVERSED AND REMANDED - 04/29/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Larry Chapin Hesler II, an inmate in the custody of the Mississippi Department of

Corrections (MDOC), filed a petition for writ of certiorari seeking review of the Mississippi

Court of Appeals' decision to remand his action to the circuit court for dismissal due to lack

of jurisdiction. We find the Court of Appeals majority erred, and we reverse the decisions

of the Court of Appeals and the Alcorn County Circuit Court.

### FACTS AND PROCEDURAL HISTORY

¶2.     On November 6, 2018, Hesler received a Rule Violation Report (RVR) after his

alleged involvement in an altercation with another inmate. On November 12, 2018, Hesler

filed a complaint through the MDOC's Administrative Remedy Program (ARP). The warden upheld the RVR, and Hesler received notice of the final decision on April 17, 2019.

¶3. Hesler then filed a petition for judicial review in the Alcorn County Circuit Court. The circuit court found that Hesler had signed the ARP response form on April 17, 2019, but that Hesler's petition for judicial review had been not been filed until June 4, 2019. Therefore, it held that Hesler's petition was not timely filed pursuant to Mississippi Code Section 47-5-807. Section 47-5-807 provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2015). Accordingly, the circuit court found that it lacked jurisdiction to consider the petition.

¶4. Hesler appealed to the Mississippi Supreme Court, which assigned the case to the Court of Appeals, and argued that the circuit court erred by dismissing his petition as untimely filed. *Hesler v. Alcorn Cnty. Corr. Facility*, No. 2019-CP-01582-COA, 2020 WL 4436470, at *1 (Miss. Ct. App. July 28, 2020). The Court of Appeals found that "a pro se pleading is considered 'filed' when mailed by the inmate and not when it is received by the circuit clerk." *Id.* at *2 (internal quotation marks omitted) (quoting *Easley v. Roach*, 879 So. 2d 1041, 1042 (Miss. 2004)). Because Hesler mailed his petition for judicial review on May 14, 2019, less than thirty days after he had received notice of the final decision, the Court of Appeals found that his petition had been timely filed. *Id.* However, the Court of Appeals then determined that Hesler had failed to provide "notice to the parties of his intent to seek

2

judicial review." ***Id.*** Therefore, the Court of Appeals held that the circuit court lacked personal jurisdiction, vacated the circuit court's judgment, and remanded the case to the circuit court for dismissal. ***Id.***

¶5.     This Court granted Hesler's petition for writ of certiorari. Hesler argues that the Court of Appeals erred by determining that the record failed to show evidence that Hesler had provided notice to the parties of his intent to seek judicial review.

## ANALYSIS

¶6.     Service of process is not required when a prisoner files a petition for review of an ARP decision in circuit court. ***Smith v. State***, 293 So. 3d 238, 242 (Miss. 2020). Instead, Hesler was required to provide notice of his intent to seek judicial review under Uniform Civil Rule of Circuit and County Court 5.04. Rule 5.04 provides that a party must file a written notice of appeal and that "[a] copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed." UCRCCC 5.04. The Court of Appeals found that "[t]here is nothing in the record before this Court indicating that Hesler provided notice to the parties of his intent to seek judicial review." ***Hesler***, 2020 WL 4436470, at *2. We disagree.

¶7.     The opposing party in this case is the Alcorn County Correctional Facility. The record contains a handwritten note signed by Hesler, dated May 1, 2019, and addressed to the clerk of circuit court, that stated: "Dear Clerk, Please file the inclosed [sic] Petition for Judicial Review and forward the Motion for Hearing to your Court Administrator. I also ask that you issue a summons to the Defendants and return a filed copy to me at the address below."

3

¶8. Additionally, a document labeled "Certificate of Service" was attached to Hesler's petition for judicial review. The certificate of service showed that Hesler had

> this day and date mailed, via United States Mail, postage prepaid, a true and correct copy of the foregoing and attached instruments to the following:
>
> > Alcorn County Circuit Clerk
> > 600 E. Waldron St. #7
> > Corinth, MS 38834
> >
> > Alcorn County Regional Correctional Facility
> > 2839 S. Harper Rd.
> > Corinth, MS 38834

The certificate of service was dated May 14, 2019.

¶9. Lastly, the record contains a document titled "Mississippi Department of Corrections Mail Transaction History Legal Timeframe 05/01/2019 between 05/31/2019." The document lists Hesler's name and shows that Hesler mailed a document titled "MOT JUD REVIEW" to "ACRCF, CORINTH, MS" on May 14, 2019.

¶10. The Court of Appeals relied on *Smith* in determining that Hesler had failed to provide notice. In that case, this Court stated that, "[a]fter Smith received his 'Second Step Response,' there does not appear to be any other communication between Smith and the MDOC before or after Smith filed his petition seeking judicial review. The certificate of service attached to Smith's petition lists only the Greene County Circuit Clerk." *Smith*, 293 So. 3d at 242.

¶11. This case can be distinguished. Here, the certificate of service listed both the circuit clerk and the Alcorn County Correctional Facility. Therefore, the record shows that Hesler mailed a copy of his motion for judicial review to the defendant in this case, the Alcorn

4

County Correctional Facility. Although Hesler did not notice the MDOC or the attorney general, this Court will take into account when a prisoner is proceeding pro se and grant some degree of leniency. *Goodin v. Dep't of Hum. Servs.*, 772 So. 2d 1051, 1054 (Miss. 2000); *see also Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990) ("Indeed, where, as here, a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations . . . ."); *McFadden v. State*, 580 So. 2d 1210, 1214 (Miss. 1991) ("A pro se complaint is held 'to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 529, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972))). Because Hesler made a good-faith effort of noticing the Alcorn County Correctional Facility by mailing his motion for judicial review to the correctional facility, we find that the Court of Appeals erred by determining that the circuit court lacked jurisdiction to hear Hesler's appeal.

¶12.    In addition, although the Alcorn County Correctional Facility stated in its brief before the Court of Appeals that it had not received notice of Hesler's petition for judicial review, it did not argue that the case should be dismissed for lack of jurisdiction. Instead, the correctional facility noted that the MDOC's mail-transaction history showed that the motion for judicial review was mailed to the Alcorn County Correctional Facility but argued that it had not been "formally served with process." As stated above, Hesler was not required to serve the correctional facility with process.

## CONCLUSION

5

¶13.    Because Hesler made a good-faith effort of noticing the Alcorn County Correctional

Facility by mailing a copy of his motion for judicial review to it, we reverse the decisions of

the Court of Appeals and of the Alcorn County Circuit Court, and we remand this case for

proceedings consistent with this opinion.

¶14.    **REVERSED AND REMANDED.**

    **RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**